UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAELJAMES TAYLOR WOOD, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) Case No: 1:20-cv-323 |
| v. | ) |
| | ) Judges Varlan/Steger |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| *Defendant*. | ) |

**REPORT AND RECOMMENDATION**

**I.     Introduction**

This case is before the undersigned under 28 U.S.C. § 636(b), Rule 72(b) of the *Federal Rules of Civil Procedure* and the Rules of this Court. Specifically, this Report and Recommendation addresses the District Court's Order [Doc. 30] remanding this matter to address Plaintiff's arguments in his Response to Defendant's Motion for Summary Judgment and Motion to Dismiss [Doc. 26] and directing that the undersigned prepare a report and recommendation regarding the disposition of Plaintiff's Motion for Judgment on the Administrative Record [Doc. 16] and Defendant's Motion for Summary Judgment and Motion to Dismiss [Doc. 24]. Plaintiff Michaeljames Taylor Wood seeks judicial review under § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), from his denial of disability insurance benefits from an age 18 disability redetermination under § 1614(a)(3)(A) of the Act, 42 U.S.C. § 1382c(a)(3)(A). *See* (Tr. 16).

For reasons that follow, the Court **RECOMMENDS** that: (1) Plaintiff's Motion for Judgment on the Administrative Record [Doc. 16] be **DENIED**; (2) the Commissioner's Motion for Summary Judgment and Motion to Dismiss [Doc. 24] be **GRANTED**; and (3) that the decision

of the Commissioner be **AFFIRMED**.

## II. Procedural History

Plaintiff "received supplemental security income ("SSI") benefits based on disability as a child." (Tr. 16). When a child receiving SSI disability benefits attains age 18, his eligibility for benefits must be redetermined using the rules for adults who file new applications. 20 C.F.R. § 416.987. On July 18, 2016, Plaintiff was found to be no longer disabled under the rules for adults. (Tr. 16). A State agency Disability Hearing Officer held a disability hearing to reconsider Plaintiff's claim; the initial denial of disability was upheld. *Id.* Plaintiff then requested a hearing before an administrative law judge. *Id.*

Plaintiff appeared without representation at hearings on October 11, 2018, and August 29, 2019. *Id.* Administrative Law Judge Kristie Luffman-Minor ("the ALJ") presided over both hearings in which testimony was heard from Plaintiff, his mother, and impartial vocational experts. *Id.* The ALJ then rendered her decision, finding that Plaintiff was not under a disability as defined by the Act. (Tr. 29).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial, but that request was denied. (Tr. 1). Exhausting his administrative remedies, Plaintiff then filed his Complaint [Doc. 1] on November 21, 2020, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing dispositive motions and this matter is ripe for adjudication.

## III. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant attained age 18 on December 31, 2015, and was eligible for supplemental security income benefits as a child for the month preceding the month in which he attained age 18. The claimant was notified that he was found no longer disabled as of July 18, 2016, based on a redetermination of

disability under the rules for adults who file new applications.

2. Since July 18, 2016, the claimant has had the following severe impairments: seizure disorder, avnodal tachycardia with ablation of slow path, history of recurrent arrhythmias, long QT syndrome, autism spectrum disorder, asthma and attention-deficit hyperactivity disorder (ADHD) (20 C.F.R. § 416.920(c)).

3. Since July 18, 2016, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926).

4. After careful consideration of the entire record, I find that since July 18, 2016, the claimant has had the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b), except the claimant can never climb ladders, ropes or scaffolds, or work around unprotected heights or dangerous machinery. The claimant must avoid concentrated exposure to fumes, dust, gases and/or pulmonary irritants, as well as extreme heat and extreme cold. The claimant can do no driving as a job task. The claimant can have rare to no contact with the public, as well as occasional and superficial contact with co-workers and supervisors. The claimant can deal with changes in a routine work setting on an infrequent and gradual basis. The claimant would work better with things than with people.

5. The claimant has no past relevant work (20 C.F.R. § 416.965).

6. The claimant was born on January 1, 1998, and is a younger individual age 18-49 (20 C.F.R. § 416.963).

7. The claimant has a limited education and is able to communicate in English (20 C.F.R. § 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. § 416.968).

9. Since July 18, 2016, considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969, 416.969a).

10. The claimant's disability ended on July 18, 2016, and the claimant has not become disabled again since that date (20 C.F.R. §§ 416.987(e), 416.920(g)).

(Tr. at 18-29).

**IV.    Standard of Review**

This case involves an age 18 redetermination of disability insurance benefits ("DIB"). An individual qualifies for DIB if he: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a claimant must show that he is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, he is not disabled; (2) if a claimant does not have a severe impairment, he is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, he is disabled; (4) if the claimant is capable of returning to work he has done in the past, he is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, he is not disabled. *Id.* If, at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that he cannot return to his former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering his age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner "merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (internal quotation omitted); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United*

*States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## V. Analysis

Plaintiff claims that the ALJ erred by not addressing the possibility that Plaintiff could receive continuing benefits under 20 C.F.R. § 416.1338 ("Section 301 benefits") for being enrolled in vocational rehabilitation services. [Doc. 18 at 2]. Plaintiff does not develop any argumentation regarding whether the ALJ's decision on disability is supported by substantial evidence. *See* [Doc. 18].

### A. Section 301 Payments

The Act allows Plaintiff to obtain review by the Court "after any final decision of the Commissioner." 42 U.S.C. § 405(g). However, review is limited to such final decision. *See id.* Here, the ALJ made no decision regarding Plaintiff's eligibility for Section 301 benefits. The ALJ's decision was solely on the issue of disability under the Act upon attaining age 18. *See* (Tr. 29).

Beyond the ALJ's written decision, other evidence points to the fact that no final decision of the Commissioner was made regarding Section 301 benefits. As applicable to Plaintiff's situation, Section 301 benefits under 20 C.F.R § 416.1338 require, among other things, that Plaintiff has "been determined to be ineligible due to an age 18 redetermination" and that the Commissioner determines Plaintiff's vocational rehabilitation services "will increase the likelihood that the individual will not return to the disability . . . benefit rolls." U.S. SOC. SEC. ADM., PROGRAM OPERATIONS MANUAL SYSTEM, DI 14505.010 POLICY FOR SECTION 301 PAYMENTS TO INDIVIDUALS PARTICIPATING IN A VOCATIONAL REHABILITATION OR SIMILAR

6

Case 1:20-cv-00323-TAV-CHS   Document 31   Filed 03/06/23   Page 6 of 10   PageID #: 1166

PROGRAM (2022).[1] Therefore no determination on the likelihood of return to the disability benefit rolls would have been made before the ALJ's disability determination, and Plaintiff points to no subsequent determination from the Commissioner. In fact, the Commissioner informed Plaintiff in writing that "eligibility for Section 301 benefits is made separately from a determination of medical cessation" and that questions about "continued benefits under Section 301 should be directed to your local Social Security office." (Tr. 1).

Plaintiff claims that Section 301 benefits should not be a separate determination because 20 C.F.R. § 416.1338 "**demands** a finding and discussion" on the issue. [Doc. 18 at 4] (emphasis in original). Plaintiff claims that allowing the Commissioner to have a separate Section 301 benefits procedure elevates the Program Operations Manual System to equal or greater status than "an Act of Congress, AND a properly noticed Federal Regulation." [Doc. 29 at 1]; *see also* [Doc. 26 at 1-5; Doc. 29 at 2-7]. In fact, it is clear to this Court that all of Plaintiff's specific arguments, *see* [Docs. 18, 26, 29], hinge on whether 20 C.F.R. § 416.1338 requires the Commissioner to make a determination within this case, or whether the regulation allows the Commissioner enough leeway to implement a separate Section 301 benefits determination.

In analyzing this issue, the Court notes first that the regulation is silent on how a determination regarding Section 301 benefits will be handled procedurally. *See* 20 C.F.R. § 416.1338. Therefore, the plain text of the regulation does not resolve the issue. Plaintiff claims

---

[1] Plaintiff claims that the Program Operations Manual System "is not binding authority." [Doc. 26 at 2]. Plaintiff is certainly correct. *See, e.g., Schweiker v. Hansen*, 450 U.S. 785, 789 (1981). Here, it is not cited as binding authority, but as a concise statement of some of the requirements of 20 C.F.R. § 416.1338, particularly subsection (a).

support for a unified determination procedure through HALLEX.[2] Specifically, Plaintiff argues the language of HALLEX I-2-2-10(C) mandates that, under these circumstances, the ALJ had to return the claim file for a Section 301 benefit determination. [Doc. 26 at 4]. This is Plaintiff's strongest claim. The language of HALLEX I-2-2-10(C) is certainly non-discretionary. However, assuming *arguendo* that HALLEX I-2-2-10(C) applies to the particulars of this case, Plaintiff faces an additional hurdle. The Sixth Circuit has made clear that HALLEX is "not binding on this court." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008), as amended; *see also Stires v. Comm'r of Soc. Sec.*, No. 2:17-CV-811, 2018 WL 3237673, at *7 (S.D. Ohio July 3, 2018) (collecting cases), report and recommendation adopted, No. 2:17-CV-811, 2018 WL 4203451 (S.D. Ohio Sept. 4, 2018). "Where, however, a claimant demonstrates that the ALJ's departure from the procedures set forth in HALLEX causes sufficient prejudice, remand may be required." *Stires*, 2018 WL 3237673 at *7.

Plaintiff claims he "has gotten overpayment demands from SSA" and that "[d]amage is being done by delay of this case." [Doc. 18 at 4-5]. This constitutes some prejudice. However, any overpayment demands from the Commissioner can be resolved during the Section 301 benefits determination process. Further, Plaintiff was notified by the Commissioner in 2020, before he filed this suit, that "[d]etermination of eligibility for Section 301 benefits is made separately from a determination of medical cessation." (Tr. 1). Plaintiff cannot overly complain about delay that was occasioned, at least in part, by his chosen path for pursuing a remedy. Most importantly, Plaintiff is not foreclosed from pursuing his claim for Section 301 benefits through his local Social Security

---

[2] HALLEX is the moniker used for the Social Security Administration's Hearings, Appeals, and Litigation Law manual. HALLEX I-1-0-1. "HALLEX conveys guiding principles, procedural guidance, and information to hearing level and Appeals Council staff. HALLEX defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels. It also includes policy statements resulting from Appeals Council *en banc* meetings under the authority of the Appeals Council Chair." *Id.*

office. Put another way, Plaintiff still has a remedy available to him—he simply disagrees as to the procedure for pursuing that remedy. Therefore, Plaintiff is not sufficiently prejudiced for remand to be required.

The Court finds that, since the record reflects no "final decision of the Commissioner" regarding Section 301 benefits, this Court does not have jurisdiction for review of that issue under 42 U.S.C. § 405(g). Alternatively, even if HALLEX I-2-2-10(C) applies to Plaintiff's case, he will not be sufficiently prejudiced as to require remand.

### B. Substantial Evidence

Since the ALJ issued a decision on Plaintiff's disability upon attaining age 18 and the Appeal's Council denied review of that decision, the Commissioner has made a final decision on disability under the Act. Therefore, the Court has jurisdiction under 42 U.S.C. § 405(g) to review the ALJ's disability determination. However, issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Kennedy,* 87 F. App'x at 466. Since Plaintiff has not developed argumentation addressing whether the ALJ's denial of disability is supported by substantial evidence, that argument is deemed waived.

## VI. Conclusion

Having reviewed the administrative record and the parties' briefs, the Court **RECOMMENDS**[3] that: (1) Plaintiff's Motion for Judgment on the Administrative Record [Doc. 16] be **DENIED**; (2) the Commissioner's Motion for Summary Judgment and Motion to Dismiss [Doc. 24] be **GRANTED**; and (3) the decision of the Commissioner be **AFFIRMED**.

---

[3] Any objections to this Report and Recommendation must be served and filed within seven (7) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers,* 829 F.2d 1370 (6th Cir. 1987).

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE