UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAELJAMES TAYLOR WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:20-CV-323-TAV-CHS |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Christopher H. Steger on March 6, 2023 [Doc. 31], in which Judge Steger recommends that the Court deny plaintiff's Motion for Judgment on the Administrative Record [Doc. 16] and grant defendant's Motion for Summary Judgment and Motion to Dismiss [Doc. 24]. Plaintiff objected [Docs. 29, 32], and defendant responded [Doc. 34]. For the reasons that follow, plaintiff's objections are **OVERRULED** [Docs. 29, 32], and the Court **ACCEPTS** and **ADOPTS** the R&R in whole [Doc. 31]. Plaintiff's motion for judgment on the administrative record [Doc. 16] will be **DENIED**, and defendant's motion for summary judgment and motion to dismiss [Doc. 24] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**, and this case will be **DISMISSED**.

## I. Background

The Court finds that the "Procedural History" and "Findings by the ALJ"[1] sections contained in the R&R adequately detail the relevant factual background and procedural history in this case. Moreover, neither party has raised an objection to the procedural history or the findings of the ALJ contained in the R&R. *See Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987) (stating that "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review"). Consequently, the Court hereby adopts and incorporates the "Procedural History" and "Findings by the ALJ" sections in the R&R [Doc. 31, pp. 2–3].

Plaintiff argues that the ALJ erred by not addressing the possibility that he could receive continuing benefits under 20 C.F.R. § 416.1338 ("Section 301 benefits") [*Id.* at 6]. Judge Steger pointed out that the ALJ made no decision regarding plaintiff's eligibility for Section 301 benefits [*Id.*]. Instead, the ALJ's decision was limited to the issue of disability under the Social Security Act ("the Act") upon attaining age 18 [*Id.*]. Judge Steger stated that beyond the ALJ's written decision, other evidence points to the fact that no final decision of the Commissioner was made regarding Section 301 benefits [*Id.*].

Under the procedure for determining Section 301 benefits, Judge Steger cited to the Program Operations Manual System ("P.O.M.S.") and stated that before a Section 301 benefits determination is made, plaintiff must first be determined to be ineligible due to an age 18 redetermination [*Id.*]. Judge Steger noted that plaintiff is correct that P.O.M.S. is

---

[1] "ALJ" refers to Administrative Law Judge.

not binding authority [*Id.* at 7, n.1]. However, he explained that he does not cite to P.O.M.S. as binding authority but as a concise statement of some of the requirements of 20 C.F.R. § 416.1338, particularly subsection (a) [*Id.*]. Based on P.O.M.S., Judge Steger concluded that no Section 301 benefits determination would have been made before the ALJ's disability determination, and plaintiff has pointed to no subsequent determination from the Commissioner [*Id.* at 7]. In fact, Judge Steger found that the Commissioner informed plaintiff in writing that eligibility for Section 301 benefits is made separately from a determination of medical cessation and that questions about continued benefits under Section 301 should be directed to plaintiff's local Social Security office [*Id.*].

Plaintiff also argues that Section 301 benefits should not be a separate determination because 20 C.F.R. § 416.1338 demands a finding and discussion on the issue [*Id.*]. Plaintiff contends that allowing the Commissioner to have a separate Section 301 benefits procedure elevates P.O.M.S. to equal or greater status than "an Act of Congress, AND a properly noticed Federal Regulation[]" [*Id.*; Doc. 29, p. 1]. Judge Steger found that it was clear that all of plaintiff's specific arguments hinged on whether 20 C.F.R. § 416.1338 requires the Commissioner to make a determination within this case, or whether the regulation allows the Commissioner enough leeway to implement a separate Section 301 benefits determination [Doc. 31, p. 7].

Judge Steger first determined that 20 C.F.R. § 416.1338 is silent on how a determination regarding Section 301 benefits should be handled procedurally [*Id.*]. Judge Steger next looked at HALLEX, which plaintiff argues mandates the ALJ to return the

3

claim file for a Section 301 benefits determination [*Id.* at 8]. However, Judge Steger stated that the Sixth Circuit has made clear that HALLEX is not binding on this Court [*Id.*]. Judge Steger further found that where a claimant demonstrates that the ALJ's departure from the procedures set forth in HALLEX causes sufficient prejudice, remand may be required [*Id.*].

Judge Steger agreed that plaintiff's overpayment demands from the SSA and the damage from the delay of this case constitute some prejudice [*Id.*]. However, Judge Steger found that any overpayment demands from the Commissioner can be resolved during the Section 301 benefits determination process [*Id.*]. Judge Steger further stated that plaintiff was notified by the Commissioner in 2020, before he filed this suit, that determination of eligibility for Section 301 benefits is made separately from a determination of medical cessation [*Id.*]. Most importantly, Judge Steger found that plaintiff is not foreclosed from pursuing his claim for Section 301 benefits through his local Social Security office [*Id.* at 8–9]. In other words, Judge Steger found that plaintiff still has a remedy available to him, and as such, he is not sufficiently prejudiced for remand to be required. [*Id.* at 9].

Judge Steger concluded that since the record reflects no final decision of the Commissioner regarding Section 301 benefits, this Court does not have jurisdiction for review of that issue under 42 U.S.C. § 405(g) [*Id.*]. Alternatively, Judge Steger found that even if HALLEX applies to plaintiff's case, he will not be sufficiently prejudiced as to require remand [*Id.*].

4

## II. Standard of Review

The Court reviews *de novo* those portions of the R&R to which plaintiff has objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Accordingly, the Court considers the R&R, the administrative record, the parties' motions, the parties' underlying and supporting briefs, plaintiff's objections, and defendant's response to those objections, all in light of the applicable law.

## III. Analysis

Plaintiff has raised multiple objections to Judge Steger's R&R [Docs. 29, 32]. However, before addressing those objections, the Court notes that several statements that plaintiff has labeled as objections [*See* Doc. 29, pp. 1–2; Doc. 32, pp. 1–2] do not point to any portion of the R&R with which plaintiff takes issue. Instead, many of these statements relate to plaintiff's disagreement with defendant's positions. Objections to a magistrate judge's R&R must be clear enough to enable the Court to discern the issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). Thus, the Court will address plaintiff's objections to the extent plaintiff has made clear that he is objecting to the findings of the R&R.

### A. Application for Disability Insurance Benefits

Plaintiff first objects to Judge Steger's statement that this case is an application for disability insurance benefits [Doc. 29, p. 3]. Plaintiff states, "It is not," and contends that "this was a vocational rehabilitation participation case" [*Id.*; Doc. 32, p. 5]. Defendant

5

responds that plaintiff was not participating in a qualifying vocational rehabilitation program at the time his benefits were suspended [Doc. 34, p. 4].

The Court first notes that Judge Steger did not state that this case *is* an application for disability insurance benefits; instead, he stated that this case *involves* "an age 18 redetermination of disability insurance benefits" [Doc. 31, p. 4]. Plaintiff agreed to this characterization of the case when he specifically mentioned the R&R's verbatim recitation of the findings by the ALJ and did not object to that portion of the R&R [Doc. 29, p. 3]. Those findings demonstrate that this case does involve an age 18 redetermination of disability insurance benefits [Doc. 31, pp. 2–3].

To the extent that plaintiff argues this case was actually "a vocational rehabilitation participation case," the Court agrees with Judge Steger that the ALJ made no decision regarding plaintiff's eligibility for Section 301 benefits, and the ALJ's decision was limited solely to the issue of disability under the Act upon attaining age 18 [Doc. 12, p. 35]. In addition, Judge Steger did not make a finding as to whether plaintiff's case should have been characterized by the ALJ as a vocational rehabilitation participation case. Presumably, Judge Steger did not make a finding as to this issue because plaintiff did not make that argument in his motion. Instead, plaintiff simply argued that he was engaged in a program of vocational rehabilitation and the ALJ recognized this fact [Doc. 18, p. 2]. He did not argue that based on this fact, the ALJ should have characterized his case as a vocational rehabilitation participation case in the first instance. Thus, the Court declines

6

to undertake analysis of this issue where it was not properly raised in plaintiff's motion, and plaintiff's objection is **OVERRULED**.

B.    **Mislabeling of Argument**

Second, plaintiff objects to Judge Steger's mislabeling of his argument as defendant's argument [Doc. 29, p. 3]. He states that in the analysis section of the R&R, Judge Steger mistakenly labeled plaintiff's argument as defendant's argument where Judge Steger stated, "Defendant claims that the ALJ erred by not addressing the possibility that [p]laintiff could receive continuing benefits . . . for being enrolled in vocational rehabilitation services" [*Id.*].

The Court agrees with plaintiff that in the R&R entered on February 16, 2023, Judge Steger did mistakenly misuse the word "Defendant" for the word "Plaintiff" [Doc. 28, p. 6]. However, in the R&R entered on March 6, 2023, which is the R&R currently at issue, this mistake was corrected [Doc. 31, p. 6]. Thus, plaintiff's objection is **OVERRULED**.

C.    **Citations to Authority**

Third, plaintiff objects to Judge Steger's citation to 20 C.F.R. § 416.1338 and SSA P.O.M.S. DI 14505.010 [Doc. 29, p. 3]. He contends that both of those references state that "the United States does not take people off benefits if they are in a Vocational Rehabilitation program and the continuation of the program would make them less likely to become disabled again" [*Id.*]. Plaintiff has attached SSA P.O.M.S. DI 14505.010 (2022) for reference and notes that P.O.M.S. became effective March 18, 2022, long after this case left the ALJ's desk [Doc. 29, p. 3; Doc. 29-1]. Plaintiff argues that the citations in the R&R

7

do not support that the Commissioner was excused from making the relevant findings on the facts presented [Doc. 29, p. 3]. Instead, he asserts that the citations support his argument because after reading P.O.M.S., it is unclear why the ALJ would not have to make the determination required by the facts of both the U.S. Code and the Federal Regulations [*Id.* at 3–4].

Plaintiff continues by stating that P.O.M.S. is not law [*Id.* at 4, 6]. Instead, he argues that the Act is the law, citing to 42 U.S.C. § 1383(a)(6) and 20 C.F.R. § 416.1338 [*Id.* at 4–6]. Plaintiff explains that P.O.M.S. are "directions from various SSA higher ups to SSA employees about how they want them to do things" [*Id.* at 6]. He argues that P.O.M.S. is an internal "how to" directive manual that might be familiar to anyone who ever worked in a significant sized organization [*Id.* at 7].

Defendant responds that P.O.M.S. does not take away rights provided by acts of Congress and agency regulations [Doc. 34, p. 2]. Instead, defendant contends that both 42 U.S.C. § 1383(a)(6) and 20 C.F.R. § 416.1338 provide that benefits will not be terminated or suspended after disability has ceased if the claimant is participating in a vocational rehabilitation program and the Commissioner determines that the completion of such a program will increase the likelihood that the claimant may be permanently removed from the disability rolls [*Id.* at 2–3]. Defendant further cites to 20 C.F.R. § 416.1402(j) to demonstrate that a Section 301 benefits determination is an initial determination that the agency makes before a claimant can seek administrative and judicial review [*Id.* at 3]. Thus, the issue of whether a claimant is eligible for Section 301 benefits is not one for the

8

ALJ to decide in the first instance or for the Court to determine [*Id.*]. Instead, defendant asserts that a Section 301 eligibility determination begins with the local Social Security office [*Id.*]. Defendant also notes that because there was no final decision of the Commissioner on the Section 301 claim, there is nothing for this Court to affirm, modify, or reverse [*Id.* at 4–5].

Defendant continues by stating that Congress granted the Commissioner exceptionally broad rulemaking authority under the Act to promulgate rules and regulations necessary or appropriate to carry out the relevant statutory provisions of the Act [*Id.* at 4 n.1]. Although P.O.M.S. is not binding legal authority, defendant states that it warrants respect, is persuasive, and is within the Agency's authority to promulgate [*Id.* at 5]. Moreover, defendant contends that the Court is not in a position to decide a question that has been delegated to an agency if that agency has not first had the chance to address the question [*Id.* at 6]. Furthermore, plaintiff is not without recourse, as nothing would prevent the agency from developing the Section 301 issue for an initial determination if plaintiff chooses to pursue such a claim [*Id.*]. If his claim were denied, defendant states that plaintiff would be entitled to his administrative appeal rights and have the opportunity to seek judicial review [*Id.*].

The Court first notes that in the R&R, Judge Steger stated that plaintiff is correct in his contention that P.O.M.S. is not binding authority [Doc. 31, p. 7 n.1]. However, Judge Steger explained that he does not cite to P.O.M.S. as binding authority but rather as "a concise statement of some of the requirements of 20 C.F.R. § 416.1338, particularly

9

Case 1:20-cv-00323-TAV-CHS   Document 35   Filed 03/28/23   Page 9 of 16   PageID #: 1193

subsection (a)" [*Id.*]. Thus, to the extent plaintiff objects to Judge Steger's citation to P.O.M.S. because it is not binding authority, plaintiff's objection is **OVERRULED**.

Next, the Court agrees with Judge Steger's analysis of whether the Commissioner was required to make a Section 301 benefits determination within this case [Doc. 31, pp. 6–9]. At the outset, the Court notes that its jurisdiction is limited to reviewing final decisions of the Commissioner. *See* 42 U.S.C. § 405(g). Here, the ALJ did not make a decision regarding plaintiff's eligibility for Section 301 benefits. Instead, the ALJ's decision was limited to the issue of disability under the Act upon attaining age 18 [Doc. 12, p. 35]. Thus, the Court lacks jurisdiction to decide whether plaintiff is entitled to Section 301 benefits.

However, rather than arguing that he is entitled to Section 301 benefits, plaintiff argues that the ALJ should have determined his eligibility for Section 301 benefits at the same time the ALJ determined his disability status. In support, he cites to 42 U.S.C. § 1383(a)(6) and 20 C.F.R. § 416.1338 as controlling authority. Specifically, he argues that because 20 C.F.R. § 416.1338 "demands a finding and discussion," he was entitled to a Section 301 benefits determination at the same hearing where the ALJ found that his disability had ended.

The plain text of 20 C.F.R. § 416.1338 does not resolve the issue because the regulation is silent on how a determination regarding Section 301 benefits is handled procedurally [Doc. 31, p. 7]. In addition, just because 20 C.F.R. § 416.1338 "demands a finding and discussion" on the issue does not dictate that a Section 301 benefits

10

determination must be made at the same time a disability determination is made [*Id.*]. Instead, the Court must look elsewhere to determine how Section 301 benefits are to be determined procedurally.

While the Court agrees that P.O.M.S. is not binding authority, "it is a 13-volume handbook for internal use by thousands of SSA employees[.]" *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981); *see also Cameron v. Colvin*, No. 1:15-cv-169, 2016 WL 4094884, at *2 (E.D. Tenn. Aug 2, 2016) (stating "POMS is merely an interagency manual"). In *Schweiker* and *Cameron*, both courts stated that P.O.M.S. has no legal force in response to the plaintiff's argument that either the ALJ or an SSA employee failed to comply with P.O.M.S., holding that failure to comply with P.O.M.S. does not give rise to a legal claim. *Schweiker*, 450 U.S. at 789–90; *Cameron*, 2016 WL 4094884, at *2.

In contrast, here, plaintiff is arguing that the ALJ erred by following P.O.M.S.'s directive that in order to receive Section 301 benefits, "[a]n individual . . . must have been medically ceased or been determined to be ineligible due to an age 18 redetermination" [Doc. 29-1, pp. 1–2]. SSA P.O.M.S. DI 14505.010. By informing plaintiff that "[d]etermination of eligibility for Section 301 benefits is made separately from a determination of medical cessation" [Doc. 12, p. 7], the ALJ was attempting to follow the directive of P.O.M.S., not violate it. Thus, the fact that P.O.M.S. is not binding legal authority does not void its application to this case entirely, and the ALJ did not abuse her discretion in following P.O.M.S., a manual that provides guidance and explains the meaning of the terms used in the Act and the Federal Regulations. *See Davis v. Sec'y of*

11

*Health & Hum. Servs.*, 867 F.2d 336, 340 (6th Cir. 1989); *see also* 42 U.S.C. § 405(a) (stating that the Commissioner shall have "full power and authority to make rules and regulations and to establish procedures . . . which are necessary or appropriate to carry out such provisions"); *Washington State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 385 (2003) (stating that administrative interpretations warrant respect); *Tamayo v. Berryhill*, No. 16-cv-01947, 2017 WL 2438988, at *6 (N.D. Cal. June 6, 2017) (holding that the ALJ did not abuse her discretion in declining to consider the plaintiff's eligibility for Section 301 benefits where that issue was not within the ALJ's jurisdiction, and she had no authority to do so under P.O.M.S.).[2]

Looking to authority other than P.O.M.S., Judge Steger addressed plaintiff's argument with regards to HALLEX [Doc. 31, p. 8]. However, the weakness in plaintiff's argument is that the Sixth Circuit has stated that HALLEX is "not binding on this court." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008). In addition, plaintiff has not demonstrated that the ALJ's departure from the procedures in HALLEX caused sufficient prejudice. *See Stires v. Comm'r of Soc. Sec.*, No. 2:17-CV-811, 2018 WL 3237673, at *7 (S.D. Ohio July 3, 2018). Notably, plaintiff has the ability to obtain Section 301 benefits if he follows the instructions of the Commissioner by contacting his local Social Security office about his enrollment and participation in vocational rehabilitation or

---

[2] With regards to plaintiff's argument that P.O.M.S. DI 14505.010 did not become effective until long after the ALJ issued the decision regarding plaintiff's disability status, plaintiff has not provided the Court with any evidence demonstrating that the 2022 edition of P.O.M.S. contains a different directive than the 2020 edition, the year the ALJ issued the decision [Doc. 12, p. 35]. Thus, this argument is without merit.

12

his eligibility for continued benefits under Section 301 [Doc. 12, p. 7]. Plaintiff was made aware of this procedure for obtaining Section 301 benefits when the ALJ released the decision regarding plaintiff's disability status [*Id.*].

Furthermore, plaintiff has cited to 42 U.S.C. § 1383(a)(6) for the proposition that because payments "shall not be terminated or suspended," he is entitled to Section 301 benefits without starting a different process [Doc. 32, p. 5]. However, § 1383(a)(6) states that such payments shall not be terminated or suspended *if*, in addition to participating in a program of vocational rehabilitation services, "the Commissioner of Social Security *determines* that the completion of such program, or its continuation for a specified period of time, will increase the likelihood that such individual may (following his participation in such program) be permanently removed from the blindness and disability benefit rolls." 42 U.S.C. § 1383(a)(6) (emphasis added).[3]

Here, there has been no such determination by the Commissioner, presumably because plaintiff has not initiated the steps required for Section 301 benefits [*See* Doc. 12, p. 7]. Specifically, 20 C.F.R. § 416.1402(j) explicitly states that determinations as to whether the completion of a vocational rehabilitation services program will increase the likelihood that a claimant will not have to return to the disability benefits rolls are listed as determinations that the agency must make initially before a claimant is entitled to administrative and judicial review. The fact that 20 C.F.R. § 416.1338 and 42 U.S.C.

---

[3] The Court notes that the language of 42 U.S.C. § 1383(a)(6) tracks the language of P.O.M.S. DI 14505.010. Despite these similarities, plaintiff insists that 42 U.S.C. § 1383(a)(6) is the law and should be followed, but P.O.M.S. is not the law and should not be followed.

§ 1383(a)(6) do not specify when a Section 301 benefits determination is to be made does not place the Court in a position to dictate such a process, especially where the Commissioner has already specified that initial determinations are to be made by the agency before a hearing occurs in front of the ALJ. *See* 20 C.F.R. § 416.1400(a); *Smith v. Berryhill*, 139 S. Ct. 1765, 1779 (2019). As such, plaintiff's argument is without merit.

Based on the foregoing, the Court agrees with Judge Steger's citation to 20 C.F.R. § 416.1338 and SSA P.O.M.S. DI 14505.010 and his subsequent analysis of the issue of whether plaintiff was entitled to a Section 301 benefits determination at the same time the ALJ issued a decision regarding his disability status. The Court also agrees with Judge Steger's ultimate conclusion that plaintiff is not entitled to remand for such a determination. As a result, plaintiff's objection is **OVERRULED**.

### D. Distinguishing Other Cases

Fourth, plaintiff objects to Judge Steger's failure to distinguish this case from *Schweiker v. Hansen*, 450 U.S. 785 (1981) and *Cameron v. Colvin*, No. 1:15-cv-169, 2016 WL 4094884 (E.D. Tenn. Aug 2, 2016) [Doc. 29, p. 7]. Plaintiff takes issue with the fact that defendant has failed to distinguish its position in this case from the position it took in both of these cases, i.e., that P.O.M.S. does not establish legal rights/obligations [*Id.*].

The Court notes that in his argument, plaintiff has not pointed to a specific finding of Judge Steger with which he disagrees. Instead, he argues that defendant should have discussed these two cases within its briefing. However, if plaintiff's only objection is to defendant's lack of argument as to these two cases, plaintiff's objection has no merit.

14

To the extent that plaintiff also objects to Judge Steger's lack of discussion as to these two cases, the Court disagrees with plaintiff's argument. As an initial note, Judge Steger was not required to distinguish this case from every case plaintiff cited. Nonetheless, in his analysis, Judge Steger did cite to *Schweiker*, 450 U.S. at 789, stating that plaintiff is correct in his statement that P.O.M.S. is not binding authority [Doc. 31, p. 7 n.1]. Judge Steger distinguished his use of P.O.M.S. in this case by stating that P.O.M.S. is not cited as binding authority but rather as "a concise statement of some of the requirements of 20 C.F.R. § 416.1338, particularly subsection (a)" [*Id.*]. After Judge Steger made this clarification, citation to *Cameron* was not necessary because *Cameron* stands for the same proposition as *Schweiker* that P.O.M.S. has no legal force. *See Schweiker*, 450 U.S. at 789; *Cameron*, 2016 WL 4094884, at *2.

Moreover, to the extent plaintiff argues that *Schweiker* and *Cameron* entitle him to a Section 301 benefits determination within the same hearing determining his disability status, the Court has already distinguished those cases from this case within its analysis of plaintiff's prior objection. Thus, plaintiff's objection is **OVERRULED**.

### E. P.O.M.S. as Only Basis for Defendant's Position

Fifth, plaintiff objects to Judge Steger's failure to analyze that P.O.M.S. is the only basis for defendant's position [Doc. 32, p. 2]. Plaintiff states that although Judge Steger "conceded" that P.O.M.S. is not legal authority, he failed to "look at how [defendant] gets to the position that . . . it can suspend benefits and tell a claimant to start a different process" [*Id.*]. He states the only way defendant gets there is by citing to P.O.M.S. [*Id.*].

15

Again, to the extent plaintiff objects to defendant's failure to analyze a certain argument, plaintiff's objection has no merit. Moreover, in the Court's analysis of plaintiff's third objection, the Court addressed Judge Steger's analysis as to whether plaintiff was entitled to a Section 301 benefits determination at the same time the ALJ issued a decision regarding his disability status. In that analysis, the Court addressed Judge Steger's reliance on P.O.M.S. in reaching his ultimate conclusion. Because the Court agrees with Judge Steger's conclusion and finds that plaintiff is not entitled to remand for such a determination, plaintiff's objection is **OVERRULED**.

## IV. Conclusion

For the reasons stated above, plaintiff's objections are **OVERRULED** [Docs. 29, 32], and the Court **ACCEPTS** and **ADOPTS** the R&R in whole [Doc. 31]. Plaintiff's motion for judgment on the administrative record [Doc. 16] will be **DENIED**, and defendant's motion for summary judgment and motion to dismiss [Doc. 24] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**, and this case will be **DISMISSED**. A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE